IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHIRLEY ANN JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RISING PHOENIX HOLDINGS CORPORATION, *et al.*,<br><br>　　　　Defendants. | Civil No. 25-00178 MWJS-RT<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE |

## INTRODUCTION

Before the court are Defendants' motions to dismiss pro se Plaintiff Shirley Ann Jones' first amended complaint. The motions are GRANTED, and the complaint is dismissed with prejudice and without further leave to amend.

## DISCUSSION

### A. Jones Did Not Timely Respond to the Motions

One independently sufficient reason to grant Defendants' motions to dismiss is that Jones did not timely submit any opposition to them and did not offer any adequate explanation for having not done so.

1. By order dated October 1, 2025, this court granted Defendants' motions to dismiss Plaintiff Shirley Ann Jones' initial complaint in this case. Dkt. No. 32. The court explained, at length, why the complaint did not state a claim upon which relief

might be granted.  But recognizing that Jones is proceeding pro se, and further recognizing that it was at least possible that Jones might remedy the deficiencies in the complaint, the court granted her leave to amend.  *Id.* at PageID.221.

Jones timely filed a first amended complaint, Dkt. No. 33, but this new pleading did not adequately address the deficiencies this court's order had identified.  And so Defendants filed the pending motions to dismiss, in which they identify in painstaking—and persuasive—detail the various ways in which the new complaint continues to suffer the same deficiencies as the prior one.  Dkt. Nos. 34, 35.

The court imposed a deadline of December 4, 2025, for Jones to file an opposition to the motions to dismiss, with replies due on December 18, 2025.  Dkt. No. 36.  But on November 21, 2025, Jones filed a motion for a 45-day extension of her time to file her opposition.  Dkt. No. 38.  Jones did not suggest that she was suffering from any health-related impediment to filing a timely opposition.  Instead, she represented that she "require[d] additional time to research and address the multiple legal issues raised," and that she "need[ed] additional time to organize exhibits, review case law, and address the factual and legal issues raised by Defendants."  *Id.* at PageID.421.  Given that Jones is proceeding pro se, the court ordinarily would be solicitous toward such a request.  But in her request, Jones represented that "Defendants have stated they do not oppose this request for an extension."  *Id.* at PageID.421.

This representation proved to be untrue.  As Defendants explained in their opposition to the request for an extension, the "first time that Defendants' counsel became aware that Plaintiff was requesting an extension to file her oppositions was when Defendants' counsel received the Extension Request via [C]M/ECF on November 24, 2025."  Dkt. No. 39, at PageID.424.  And when "Defendants' counsel sent an email to Plaintiff shortly thereafter inquiring about the basis for the assertion that Defendants stated no objection to the request for an extension," Jones did not respond.  *Id.*  Defendants' counsel also "confirmed with the Defendants that they also had no communication with Plaintiff regarding this request."  *Id.*  Given Jones' "misrepresentation to the Court about Defendants' position, and Plaintiff's failure to correct this misstatement when Defendants' counsel brought it to her attention," Defendants opposed the requested extension.  *Id.* at PageID.425.[1]

Jones' motion for a 45-day extension was referred to the Honorable Rom Trader, U.S. Magistrate Judge.  On November 28, 2025, Judge Trader denied Jones' request.

---

[1]   As Defendants explain, Jones' misrepresentation was especially concerning because Jones appears to have made a misrepresentation when previously asking for an extension.  In that earlier request, Jones claimed she had "attempted to confer with the Defendants regarding this extension but received no reply."  Dkt. No. 39, at PageID.425.  "Defendants' counsel sent an email to Plaintiff after receiving that request because counsel had not received any request to confer with Plaintiff."  *Id.*  And so "Defendants' counsel asked that Plaintiff direct any future correspondence regarding this case to the undersigned Defendants' counsel."  *Id.*  Accordingly, "if Plaintiff wanted to confer regarding the latest extension requested, she knew where that request should have been directed," and she "did not do that."  *Id.*

Dkt. No. 40.  Judge Trader noted that while Jones had represented that "Defendants have stated they do not oppose this request for an extension," Defendants "contend this is not true." *Id.*  On this record, Judge Trader found Jones' "statement to the Court that Defendants did not oppose the Motion to be a material misrepresentation." *Id.*  Judge Trader admonished Jones that "like all other litigants, she is required to be candid and forthright in all representations to the Court and counsel." *Id.*

Jones did not request any further review of Judge Trader's denial of her extension request, nor she did file any opposition to the motions to dismiss by her deadline of December 4, 2025.  On December 18, 2025, Defendants' filed a reply brief in support of their motions.  Dkt. No. 41.  In their reply, Defendants explained that on December 11, 2025, Jones left a voicemail message for Defendants' counsel regarding her extension motion and asking for a return call.  *Id*. at PageID.431.  Defendants' counsel attempted to return Jones' call at the number she provided, but the call would not go through.  Defendants' counsel then sent an email to Jones the same day, explaining the attempt to return the call.  Jones did not respond.  *Id.*  On December 16, 2025, Jones sent Defendants' counsel an email asking whether they would oppose her refiling her request for a 45-day extension.  Defendants' counsel "responded by identifying concerns about the circumstances, including the misstatement about Defendants' position" as to the prior extension motion.  *Id.*  By December 18, 2025, the deadline for Defendants' reply brief, Jones had not responded to that email.  And Jones

4

did not renew her extension request. Defendants filed their reply brief detailing this history and asking that their motions be granted on their unopposed arguments.

    2. On December 21, 2025—after Defendants had filed their reply brief—Jones submitted a motion for leave to file an opposition out of time. Dkt. No. 42. In this new motion, Jones acknowledged that she did not file a timely opposition by the December 4 deadline, but did not explain why she made a factual misrepresentation in her earlier extension motion. Instead, Jones offered a new reason why an extension was warranted: according to Jones, her "failure to timely file resulted from excusable neglect and good cause, including a recent hospitalization . . . and pro se communication difficulties while attempting to confer with defense counsel about an extension." *Id.* at PageID.441. Jones provided a medical record indicating a medical visit on December 11, 2025, at which she was diagnosed with a "[f]all from slip, trip, or stumble," along with a head injury, acute on chronic back pain, and a lumbar herniated disc. Dkt. No. 42-1, at PageID.446. But Jones did not explain why a medical visit that postdated her deadline for filing an opposition brief would have prevented her from making a timely filing on December 4, 2025—particularly since, in her earlier extension request filed November 21, 2025, Jones had not reported any health issues. Nor did Jones explain what "communication difficulties" would have prevented her from filing a timely opposition brief.

The court did not immediately deny Jones' request, but instead informed Jones that if she sought consideration of an untimely opposition, she must first file her proposed opposition no later than January 12, 2026.  Dkt. No. 43.  Jones filed a declaration on January 12, 2026—which largely repeated information included in prior submissions—and an opposition on January 13, 2026, in which she contends that she has cured the deficiencies in her initial complaint and briefly describes the reasons why she believes she should be allowed to proceed to discovery in this case.  Dkt. Nos. 44 and 45.  In her proposed opposition, Jones contends that her request for an extension should have been granted, and that "the denial of additional time has significantly hindered [her] ability to respond to two simultaneous motions, raising concerns about Abuse of Discretion and a violation of [her] Due Process right to be meaningfully heard."  Dkt. No. 45, at PageID.461.  Jones does not, however, address the fact that Judge Trader had found that she made a material misrepresentation in connection with that earlier extension request.  Nor, apart from noting her status as a pro se litigant, does she identify any good cause for her failure to timely file an opposition on December 4, 2025.  And she does not address the fact that Defendants' arguments in their current motions to dismiss are not novel, but instead largely summarize deficiencies the court identified in its earlier order from October 1, 2025—and then explains why those same deficiencies exist in the first amended complaint—which means Jones had since at least October 1, 2025, to consider how to address them.

6

3. The court need not resolve whether the magistrate judge's denial of Jones' request for a 45-day extension under these circumstances qualifies as a non-dispositive motion—which by statute is subject to more deferential review—because Judge Trader's decision was appropriate even under de novo review. *See* 28 U.S.C. § 636(b)(1)(A). Jones did not offer a sufficient reason why a 45-day extension was warranted, she made no request for a shorter extension, and she made a material misrepresentation while seeking an extension. And while Jones has provided medical records dated December 11, 2025, she has not explained why anything in these medical records would support her contention that she could not file a timely opposition—particularly given that her November 21, 2025 request did not identify any health-related reasons for her requested extension. Accordingly, the court concludes that there is no appropriate basis, at this late stage, to allow Jones to file her untimely opposition brief now, and DENIES her request for leave to file an untimely opposition.

And given that it was appropriate for Judge Trader to deny the requested extension—and given that Jones did not file a timely opposition on December 4, 2025, and this court has declined to grant Jones leave to file an untimely opposition—Defendants are correct that the court may grant their motions to dismiss on the ground that Jones has failed to oppose their arguments. That conclusion is further supported by the fact that in her more recent request for leave to file an untimely opposition, Jones

still has not accounted for her prior material misrepresentation, and still has not offered any explanation for why she could not have made a timely filing on December 4, 2025.

For these reasons, Defendants' motions to dismiss are GRANTED.

### B.  The First Amended Complaint Did Not Address the Deficiencies Identified in the Initial Complaint

A second independently sufficient reason why Defendants' motions to dismiss should be granted is that they are convincing on the merits.  And even if the court were to consider the arguments in Jones' untimely submissions—and even if the court were to construe them liberally in light of Jones' status as a pro se litigant—none of her arguments provide basis for denying Defendants' motions.

As an initial matter, Defendant "Tidal Basin Group" correctly notes that in its first motion to dismiss, it explained that "Tidal Basin Group" is merely a trade name, not a legal entity, and so is not properly named as a party.  Dkt. No. 34, at PageID.257 n.1.  Although the court's initial order granted Jones leave to amend against "Tidal Basin Group," out of an abundance of caution and to ensure she had a "full opportunity to come forward with any facts supporting her effort to name Tidal Basin Group as a defendant," Dkt. No. 32, at PageID.211, Jones' first amended complaint continues to name "Tidal Basin Group" as a defendant —but still offers no basis for doing so.  And her untimely submissions similarly offer no basis.  *See generally* Dkt. Nos. 44, 45.  Nor do those untimely submissions suggest any possibility that Jones might provide a sufficient basis for proceeding against this trade name if given further leave to amend.

8

Next, as Defendants explain in their motions, the first amended complaint does not adequately address Jones' failures to exhaust administrative remedies as to any claim other than race discrimination and retaliation. Dkt. No. 34-1, at PageID.267-73, Dkt. No. 35-1, at PageID.357. Nor does the first amended complaint adequately address Jones' failure to exhaust any claim relating to the termination of her employment. As the court's earlier order explained, it is appropriate here to consider exhaustion because Jones herself has made allegations about exhaustion in her complaint, has attached exhaustion-related documents to that complaint, and has not disputed the authenticity of EEOC documents attached to Defendants' initial motions to dismiss. Dkt. No. 32, at PageID.209. And in her untimely opposition papers, Jones does not offer any persuasive argument to the contrary, and does not give any reason to believe that she could cure these deficiencies through any further leave to amend.

Furthermore, Defendants' motions correctly note that the court's initial order granted the Individual Defendants' motion to dismiss on Jones' Title VII, ADEA, and ADA claims against the Individual Defendants with prejudice and without leave to amend—and did so because those statutes require suit against an employer rather than individual employees. Yet the first amended complaint continues to assert these claims against these Individual Defendants, and Jones' untimely opposition provides no reason why these claims should be allowed despite the court's earlier ruling.

Finally, the first amended complaint—as with the initial complaint—improperly relies on conclusory assertions, both in opining about the motivations of Defendants and in generally grouping Defendants and asserting that they collectively violated Jones' rights.  The court's earlier order detailed the reasons why this kind of pleading was not sufficient, and the first amended complaint does not adequately address the deficiency.  Nothing in Jones' untimely submissions offers any persuasive argument to the contrary.  Nor does it give any reason to believe that Jones could possibly cure these deficiencies through further leave to amend.

Given the above, the court concludes that even assuming Jones' untimely opposition papers had been allowed, Defendants' motions to dismiss are still GRANTED because they are persuasive on the merits.

## CONCLUSION

In her most recent filings, Jones expresses the frustration that, in her view, "Defendants want to hide behind technicalities," and she explains that she is "asking for the right to go to Discovery so that [she] can see the emails and records that prove what they did to [her] and [one of her colleagues]."  Dkt. No. 45, at PageID.461.  These frustrations are understandable, as the pleading standards the Supreme Court of the United States articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), can present challenges for self-represented litigants.  And it may well be that Jones' first amended complaint could have survived the less

demanding pleading standards that apply in Hawai'i state court. *See, e.g., Bank of Am., N.A. v. Reyes-Toledo*, 143 Hawai'i 249, 262, 428 P.3d 761, 773 (2018) (expressing the concern that the pleading standard articulated in *Twombly* and *Iqbal* "is restrictive as it results in decreased access to the courts for citizens," and rejecting those standards for state courts). But in federal court, a litigant cannot bypass the requirements of the pleading stage merely because they believe discovery would be fruitful; they are not entitled to discovery unless their complaint survives the pleading stage.

Because Jones' first amended complaint does not survive the pleading stage here, and because her submissions—even taking into account her untimely opposition papers—do not suggest any reason to conclude that further leave to amend would result in the curing of deficiencies in the first amended complaint, Defendants' motions to dismiss the first amended complaint are GRANTED. The first amended complaint is dismissed with prejudice and without further leave to amend.

Furthermore, Jones' motion for leave to file an untimely opposition is DENIED, though as explained above, Defendants' motions would properly be granted even if her untimely filings were considered on the merits.

//
//
//
//

11

IT IS SO ORDERED.

DATED: January 28, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 25-00178 MWJS-RT, *Shirley Ann Jones v. Rising Phoenix Holdings Corporation*, et al.; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE